IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANTONIO E. AMADOR<br>Plaintiff<br><br>vs<br><br>DESARROLLADORA VALLADARES, INC.<br>L.C. REAL ESTATE, INC.<br>HACIENDA KAMILA COUNTRY CLUB, INC.<br>JANE DOE and THEIR CONJUGAL PARTNERSHIP; JOHN DOE; MARY DOE; COMPANY A; COMPANY B; ADVERTISING AGENCY X<br>Defendants | CIVIL 05-1017CCC |

**O R D E R**

Before the Court is the Motion to Stay Action Pending Showing of Registration of Copyright in Alleged Work filed by defendant Desarrolladora Valladares (Valladares) on March 23, 2005 (**docket entry 7**), its Further Request for Stay of Action Pending Showing of Registration of Copyright in Alleged Work filed on April 8, 2005 (**docket entry 9**), the Motion of Defendant LC Real Estate Joining in Motion to Stay Action filed on April 25, 2005 (**docket entry 12**), plaintiff's opposition to the Motion to Stay Action filed on April 27, 2005 (**docket entry 16**), and the reply brief tendered by Valladares on May 6, 2005 which has been ordered filed by separate Order.

Valladares seeks the stay of this action for copyright infringement until plaintiff shows that he registered the photograph whose copyright was allegedly infringed with the U.S. Copyright Office. While acknowledging plaintiff's filing of a Certificate of Registration together with the Complaint, Valladares notes that said certificate only identifies the work registered as a "collection of postcards, color slides and picture book" but nowhere it identifies the particular photograph at issue as part of that "collection." Plaintiff, in his opposition, contends that the Certificate of Registration constitutes prima facie evidence of the validity of his copyright and that it should be defendants' burden to present evidence to rebut it.

CIVIL 05-1017CCC                                                    2

Under 17 U.S.C. § 411(a), "no action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has been made in accordance with this title." This registration requirement is jurisdictional. See Morris v. Business Concepts, Inc., 283 F.3d 502, 505 (2d Cir. 2002); see also 2 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 7.16(B)(1)(a), at 7-155 (2002).

Having reviewed the Certificate of Registration attached to the Complaint, we concur with defendants that it fails to show that the copyright for the particular photo here at issue was indeed registered. The photo, after all, was not specifically listed on that registration. If it indeed was deposited with the Copyright Office in connection with said registration as part of the "collection," as plaintiff attests, he must present proof of that to the Court before proceeding any further with this action.

Accordingly, Valladares' Motion to Stay Action Pending Showing of Registration of Copyright in Alleged Work (**docket entry 7**) and its Further Request for Stay of Action Pending Showing of Registration of Copyright (**docket entry 9**) are GRANTED. Defendant LC Real Estate's Motion Joining in Motion to Stay Action (**docket entry 12**) is NOTED. Plaintiff is ORDERED to submit to the Court, by no later than JUNE 1, 2005, a certified copy of the photograph at issue from the United States Copyright Office showing that it was deposited in said Office in connection with a Certificate of Registration. Failure to comply with this Order will result in the dismissal of this action for lack of jurisdiction. See 17 U.S.C. §408(a).

SO ORDERED.

At San Juan, Puerto Rico, on May 24, 2005.

                                                S/CARMEN CONSUELO CEREZO
                                                United States District Judge